815 F.2d 703
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
JEWELL HOLLAND, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 86-1314.
 United States Court of Appeals, Sixth Circuit.
 March 26, 1987.
 
 Before ENGEL and BOGGS, Circuit Judges; and HILLMAN,* District Judge.
 PER CURIAM.
 
 
 1
 Plaintiff-appellant Holland seeks review of a district court order denying his motion for summary judgment, affirming the Secretary's findings that he was not entitled to disability benefits, and dismissing his complaint.
 
 
 2
 The issue before the district court and presented on appeal is whether plaintiff-appellant Holland was disabled during any continuous period of twelve months or more. Holland's alleged disability is based on complaints of severe dizziness, accompanying blurred vision and energy drain following an episode of dizziness at work for which Holland was hospitalized. Holland argues that his disability began in February 1979 when he was hospitalized after experiencing dizziness at work and continued until at least February 1982. Holland returned to work in June 1982, and therefore he only challenges the Secretary's conclusion of no disability for a continuous twelve-month period between February 1979 and February 1982.
 
 
 3
 Holland argues that substantial evidence does not support the denial of benefits, that the burden of proof shifted to the Secretary to show what jobs he could perform in the relevant period, and that the Secretary erred in determining that he did not qualify for a closed period of benefits based on a disability existing continuously for twelve months.
 
 
 4
 Upon consideration, the court is of the opinion that the district court did not err in adopting the report and recommendation of Magistrate Komives to uphold the decision of the Secretary. While counsel for appellant has objected to the use of one of the reports attributed to Dr. Kronick because it was reported by the latter's nurse, we are of the opinion that in the absence of any challenge to its accuracy, the substance of that report was entitled to consideration under the more relaxed rules which govern the admission of evidence in administrative proceedings. Further, the administrative law judge found that there were few objective medical signs to support a conclusion of severe disability for a continuous period of twelve months or more even if Holland suffered such a disability from February 1979 to July 1979. We find without merit the assertion by Mr. Holland's counsel that this determination failed for want of support in the record. While there is no precise event occurring at the end of July 1979, it is apparent that the administrative law judge was basing his judgment upon the established record of Holland's continuing improvement. The administrative law judge noted that the report from Flint Osteopathic Hospital concerning Holland's treatment in June and July 1979 reflected few positive signs of disability. By that time, Holland began taking antivertigo medication and demonstrated marked improvement. Holland's family physician, Dr. Kronick, concluded that any continuing dizziness was not totally incapacitating, although it might limit his capacity for climbing. The testimony as a whole thus supported a finding that Holland regained the capacity to engage in substantial activity at least by July 1979.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The Honorable Douglas W. Hillman, Chief Judge, United States District Court for the Western District of Michigan, sitting by designation